*Agency's No. 4G-320-0118-19*
7   *EEOC, OFO Appeal #  2020004450*

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint**.

Agency's No. 4G-320-0118-19
EEOC, OFO
Appeal # 2020004450

8

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

March 14, 2022
Date

Agency's No. 4G-320-0118-19

<sup>9</sup> DOO OFO Appeal #  2020004450

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Linda Chase
6513 Harbour Blvd
Panama City Beach, FL  32407
Via U.S. Mail

Rebecca L. Fisher
PO Box 781369
San Antonio, TX  78278
Via U.S. Mail

U.S. Postal Service (Southern)
NEEOISO - Appeals
U.S. Postal Service      P.O. BOX 21979
Via FedSEP               TAMPA, FL  33622-1979

March 14, 2022
Date

Compliance and Control Division

| Case Number | Case Type | Status | Last Action | Date Filed | Counselor |
|---|---|---|---|---|---|
| 4G-320-0118-19 | Formal | Date OFO Decision Received/MSPB Final | Date OFO Decision Received/MSPB Final | 03/26/2019 | Paula Cox |
| PRE-018450-2019 | EEO Contact | EEO Contact Closure | EEO Contact Closure | 03/29/2019 ✓ 1ST Complaint psus | |
| PRE-018622-2019 | EEO Contact | EEO Contact Closure | EEO Contact Closure | 03/31/2019 ✓ 2ND Complaint/claim | |
| PRE-019986-2019 | EEO Contact | EEO Contact Closure | EEO Contact Closure | 04/13/2019 3RD filed " " | |
| PRE-020711-2019 | EEO Contact | 2564A or Equivalent Received by EEO Office | 2564A or Equivalent Received by EEO Office | 04/19/2019 4th | |
| PRE-020713-2019 | EEO Contact | 2564A or Equivalent Received by EEO Office | 2564A or Equivalent Received by EEO Office | 04/19/2019 5th | |
| PRE-020757-2019 | EEO Contact | 2564A or Equivalent Received by EEO Office | 2564A or Equivalent Received by EEO Office | 04/21/2019 6th | |
| PRE-021249-2019 | EEO Contact | EEO Contact Closure | EEO Contact Closure | 04/25/2019 7th | |
| PRE-027947-2019 | EEO Contact | EEO Contact Closure | EEO Contact Closure | 06/30/2019 8th | |
| 4G-320-0028-21 | Informal | Withdrawal | Withdrawal | 11/03/2020 | Nancy Duarte, MDR |
| 4G-320-0078-21 | Informal | Notice of Right to File | Notice of Right to File | 12/28/2020 9th ✓ | Nancy Duarte, MDR |

Privacy Policy | Contact Administrator



# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

# Existing Complaint Status

## Case Number   PRE-018459-2019

Filed Date:
    03/29/2019 .
Subject:
    Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Working Conditions | 02/20/2019 | EPA: Female General: Disability - Mental, Color National Origin: Other Race: Black, Not of Hispanic Origin Religion: Christian Sex: Female | | On 02/20/2019, I became aware that I was hazed by Paul Steele and Wesley Fiveash. The hazing took place on 12/19/2018. I was hazed in order to take the fall for mail that they delayed so that they could save their jobs. |

Complaint Status:
    EEO Contact Closure.
Counselor:
    No counselor is currently assigned to this case.
Case Manager:
    No case manager is currently assigned to this case.
Events:
                    Complaint Events:
        **Date**              **Event Description**
    04/02/2019 EEO Contact Closure
    04/02/2019 Added to Existing Informal Case
    03/29/2019 2564A or Equivalent Received by EEO Office
    03/29/2019 EEO Contact Start



Content Body   Menu

# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

---

# Existing Complaint Status

## Case Number   PRE-018622-2019

√Filed Date:
   03/31/2019
Subject:
   Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Working Conditions | 02/20/2019 | EPA: Female General: Color, Disability - Mental National Origin: Other Race: Black, Not of Hispanic Origin Religion: Christian Sex: Female | | On 02/20/2019, I realized that I was hazed on 12/19/2018 by Daniel Tyson and others. Pat McQuery took part in the haze on 12/17/2018 when she alleged that two mailings on city route 9 were hidden. The two mailings were dated 10/25/2018 & one was dated 11/21/2018. The mailings were taken out of ubbm and placed at the case as a plot to haze me. Lisa Wolfe supported the haze when she proffered (withheld) information i.e. the OIG Audit Report which would support my OWCP claim of being hazed. In her letter dated 02/27/2019, under attachments, she list OIG corresponded was send to me, but I did not receive the OIG Audit Report for the Unusual Occurence of Mail (the mail that was delayed for Panama City Instsllation during Hurricane Michael) which is the correspondence that would be received from the Office of Inspector General. Shaun Mossman & David Martin are accomplices to the haze because both were notified, via express mail and email of the haze, but neither investigated my claim. Louis Almeda, Jr. is an accomplice of the haze because after receiving the OIG Audit Report, that listed me in the delayed mail scheme that included zip code that were not my area of responsibility, Mr. Almeda revoked my access. Joseph Walker is an accomplice to the hazed as well because multiple emails were sent to him on 02/28/2019 to notify him of the haze, but nothing was done to assist me. Sylvia Morris is an accomplice to the haze because she sent me a letter dated 03/11/2019 acknowledging receipt of the correspondence to Shaun Mossman & David Martin and the letter stated that it was inappropriate to assist due to my filling an on the job injury ( i. e. my claim has not been ajudicated) and my being on sick leave (I. e. My being deemed medically incapacitated for work). |

Complaint Status:



EEO Contact Closure.

Counselor:

    No counselor is currently assigned to this case.

Case Manager:

    No case manager is currently assigned to this case.

Events:

           Complaint Events:

**Date**         **Event Description**

04/03/2019 EEO Contact Closure

04/03/2019 Added to Existing Informal Case ✓ *Added twice*

04/01/2019 Added to Existing Informal Case ✓

03/31/2019 2564A or Equivalent Received by EEO Office ✓

✗ 03/31/2019 EEO Contact Start

Privacy Policy | Contact Administrator



Content Body   Menu

# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

---

# Existing Complaint Status

## Case Number   PRE-019986-2019

✓Filed Date:
    04/13/2019
Subject:
    Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases Status | Comments |
|---|---|---|---|
| Working Conditions | 02/27/2019 | General: Disability - Mental, Color National Origin: Other Race: Black, Not of Hispanic Origin Sex: Female | On 02/26/2019, I submitted a CA 2 for my condition because of being hazed by several caucasian on 12/19/2018. I became aware of the effect the haze had on my condition on 02/20/2019. On 02/27/2019, a letter was sent to OWCP which listed me as having received the OIG Correspondence. I noted on the letter that I had not received it. Ms. Osgood failed to look over the information for accuracy. After filing an EEO, Ms. Theresa Collier attempted to get it, but after getting the runaround, I told Ms. Collier that whatever the correspondence was, I needed it, since the letter said it was sent to me. According to Ms. Collier, Ms. Osgood stated that Ms. Wolfe was on leave and she couldn"t get it. I referred Ms. Collier to the letter, and it listed Ms. Osgood as a recipient of the OIG Correspondence. Collier them learned that the correspondence was emails, and Ms. Collier continued to say that she can"t make Ms. Osgood surrender the emails. Ms Osgood is an accomplice to the haze because she"s withholding information that"s pertinent to my claim. It appears that my claim is being sabotaged. |

Complaint Status:
    EEO Contact Closure.
Counselor:
    No counselor is currently assigned to this case.
Case Manager:
    No case manager is currently assigned to this case.
Events:

Complaint Events:

| Date | Event Description |
|---|---|
| 04/16/2019 | EEO Contact Closure |
| 04/16/2019 | Added to Existing Informal Case |
| 04/13/2019 | 2564A or Equivalent Received by EEO Office ✓ |



**Date**          **Event Description**

04/13/2019 EEO Contact Start

Privacy Policy | Contact Administrator



Content Body   Menu

# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

---

# Existing Complaint Status

## Case Number   PRE-020711-2019

√Filed Date:
   04/19/2019
Subject:
   Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Reasonable Accommodation | 03/08/2019 | General: Disability - Mental, Age National Origin: Other Race: Black, Not of Hispanic Origin Sex: Female | Disability | On 02/26/2019, I submitted my legible original CA 2 as well as my legible original written statement to Postmaster Daniel G. Tyson. This was witnessed by Jeremiah Samples and Matthew Celona. On 03/08/2019, I received a letter dated March 5, 2019 from U.S. Depertment of labor informing me that Form CA 2 dated 02/27/2019 was partially unreadable. The letter also stated that Statement (26 pages) accompanying the CA 2 was partially unreadable. As previously stated above, legible originals were given to Postmaster Daniel G. Tyson; therefore, I am filing retaliation due to my disability for Protected Activity which is Reasonable Accommodation, requesting for leave due to my disability.This same letter from DOL acknowledges having received Medical note dated 12/28/2018 & 02/06/2019 concerning my condition. These notes were not only submitted with my CA 2, but were also submitted via email to Postmaster Daniel G. Tyson, to substantiate my absence from work as outlined in the ELM, prior to submitting my CA 2 on 02/26/2019. Due to Postmaster Tyson submitting the illegible copies, it is in violation of the Rehabilitation Act, and it is causing my OWCP claim to be delayed because of Postmaster Tyson"s submission of the illegible copies which also delayed me from receiving benefits. |

Complaint Status:
   2564A or Equivalent Received by EEO Office.
Counselor:
   No counselor is currently assigned to this case.
Case Manager:
   No case manager is currently assigned to this case.
Events:

Complaint Events:

| Date | Event Description |
|---|---|



| **Date** | **Event Description** |
|---|---|
| 04/19/2019 | 2564A or Equivalent Received by EEO Office |
| 04/19/2019 | EEO Contact Start |

Privacy Policy | Contact Administrator



Content Body   Menu

# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

---

# Existing Complaint Status

## Case Number   PRE-020713-2019

√Filed Date:
    04/19/2019
Subject:
    Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Reasonable Accommodation | 04/12/2019 | Disability | General: Disability - Mental National Origin: Other Race: Black, Not of Hispanic Origin Sex: Female | 04/12/2019, while in conversation with Theresa Collier, I was informed by Ms. Collier that after she spoke to Ms. LaKeisha Osgood, the OIG Correspondence on the letter dated 02/27/2019, was an email(s). I emailed Ms. Collier to inform her that whatever the OIG corresondence was, I did not receive it, and since it was listed that it was sent to me, then I should get it. Ms. Collier stated that when she asked L. Osgood for the emails, she said Ms. Wolfe was on leave and she (Ms. Osgood) couldn"t obtain the information. Please note on Ms. Wolfe"s letter dated 02/27/2019, under CC, .s. Osgood, Lisa"s manager is listed as having received the information listed under Attachments; therefore, Lisa Wolfe"s leave has no bearing on Ms. Osgood obtaining and getting me the I formation. The information still has not been provided to me. Based upon Lisa Wolfe"s lettered dated 02/27/2019, I am filing retaliation due to my disability for a Protected Activity which is Reasonable Accommodation, a request for leave due to my disability, Ms. Osgood and Ms. Wolfe are in violation of the Rehabilitation Act. Their failing to provide me with tbe OIG Correspondence more specifically, email(s) is delaying my OWCP claim and delaying benefits, too because I was not afforded the opportunity to address the contents of the OIG Correspondence/email(s). |

Complaint Status:
    2564A or Equivalent Received by EEO Office.
Counselor:
    No counselor is currently assigned to this case.
Case Manager:
    No case manager is currently assigned to this case.
Events:
                    Complaint Events:



**Date**              **Event Description**

04/19/2019 2564A or Equivalent Received by EEO Office ✓

✱ 04/19/2019 EEO Contact Start

Privacy Policy | Contact Administrator



# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

# Existing Complaint Status

## Case Number   PRE-020757-2019

√Filed Date:
04/21/2019
Subject:
Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Working Conditions | 03/13/2019 | EPA: Female General: Color, Disability - Mental National Origin: Other Race: Black, Not of Hispanic Origin Religion: Christian Sex: Female | | On 03/13/2019, I received a response via a letter dated 03/11/2019 from Sylvia L. Morris to a letter that was addressed AVP Shaun Mossman. This letter was sent, via express mail on 02/25) to Mr. Mossman and District Manager David Martin. The letter addressed inappropriate behavior of Postmaster Daniel Tyson, Paul Steele, Wesley Fiveash, Patricia Wofford (I found out Pat McQuery was not correct) and craft employees. Instead of investigating the inappropriate behavior as outlined in the Postal Service"s Zero Tolerance Policy (i.e. Threat Assessment Team), I was retaliated against due to my disability for Protected Activity which is Reasonable Accommodation, requesting leave due to my disability. This is a violation of the Rehabilitation Act and is delaying my OWCP claim, a claim for needed benefits. |

Complaint Status:
2564A or Equivalent Received by EEO Office. √
Counselor:
No counselor is currently assigned to this case.
Case Manager:
No case manager is currently assigned to this case.
Events:

Complaint Events:

| Date | Event Description |
|---|---|
| 04/21/2019 | 2564A or Equivalent Received by EEO Office √ |
| ✳ 04/21/2019 | EEO Contact Start |



Content Body   Menu

# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

# Existing Complaint Status

## Case Number   PRE-021249-2019

Filed Date:
04/25/2019
Subject:
Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Working Conditions | 04/18/2019 | General: Color, Disability - Mental National Origin: Other Race: Black, Not of Hispanic Origin Religion: Christian Sex: Female | | A certified letter was picked up on 04/18/2019. It was from Anthony R. Joy. It was in reference to my FOIA Case No. 2019-FPFD-00207. This reference number was provided by USPS FOIA St. Louis Requester Service Center. The letter was signed by Brenda Rahe, General information Specialist. Ms. Rahe wrote the agency official having jurisdiction over the subject matter of your (my) request is David F. Martin, District Manager.... Mr. Joy failed to give me Mr. Martin"s response. Mr Joy provided a response from Postmaster Daniel Tyson, not Mr. Martin as outlined in the letter dated April 3. Mr. Joy"s failure to provide DM David Martin"s response to my request is retaliation due to my disability for a protected activity which is Reasonable Accommodation, a request for leave due to my disability. This is also a violation of the Rehabilitation Act. It is delaying my CA 2/OWCP claim. A claim for needed benefits for my disability. |

Complaint Status:
EEO Contact Closure.
Counselor:
No counselor is currently assigned to this case.
Case Manager:
No case manager is currently assigned to this case.
Events:

Complaint Events:

| Date | Event Description |
|---|---|
| 05/13/2019 | EEO Contact Closure |
| 05/13/2019 | Added to Existing Informal Case |
| 04/25/2019 | 2564A or Equivalent Received by EEO Office |
| 04/25/2019 | EEO Contact Start |



Content Body   Menu

# EEO efile

Your Session Will Expire in 29 minute(s)

- Submissions
- My Account
- Resources
- Logout

# Existing Complaint Status

## Case Number   PRE-027947-2019

Filed Date:
06/30/2019
Subject:
Submitted from efile
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Working Conditions | 05/21/2019 | EPA: Female General: Disability - Mental, Color, Age National Origin: Other Race: Black, Not of Hispanic Origin Religion: Christian Sex: Female | | I receiving a copy of my complete case file from DOL, on 05/21/2019, I obtained a copy of Postal Bulletin 22460. Handbook EL-505 Revision: Proper Completion of Claim Forms was addressed. The revisions to a Handbook EL-505 went into effect on 02/02/2017. My CA-2 that was submitted on 02/26/2019 wasn't handled properly by Ms. Tyson, Ms. Wolfe, Ms Osgood, Ms. Ballard, and Ms. Morris. Section 2-3 was Ms. Morris's responsibility. Mr. Tyson, Ms. Osgood, Ms. Wolfe, and Ms. Ballard failed to comply with sections 4.8 & 4.9 when only one page of my CA-2 was date stamped. No one notified me that my CA-2 contained deficiencies, obvious or suspected errors (OWCP notified the ICCO of the partially unreadable copy of the CA-2. Some pages of the CA-2 were faded and black lines were on every page.) Mr. Tyson text me on 02/27/2019 to inform me that HR had brought to his attention that page 2 was missing from my submitted CA-2, but I was not notified of any other deficiencies, obvious or suspected errors on my submitted CA-2. I text Mr. Tyson to inform him that page 2 was his portion, Supervisor's Report. Page 2 was solely Mr. Tyson's responsibility to complete not mine. Please note, page 2, Supervisor Report, has the same black lines that are on all pages of the CA-2 that was submitted to OWCP. I submitted a legible original to Mr. Tyson on 02/26/2019. These failures and any other deficiencies, obvious or suspected errors that were not addressed with me directly or not noted on the supervisor's portion are retaliation. I am a protected class. This also violates the Rehabilitation Act. Benefits that I need are being delayed. |

Complaint Status:
EEO Contact Closure.
Counselor:



No counselor is currently assigned to this case.

Case Manager:

No case manager is currently assigned to this case.

Events:

Complaint Events:

| Date | Event Description |
|------|-------------------|
| 07/08/2019 | EEO Contact Closure |
| 07/08/2019 | Amended to Formal Case |
| 06/30/2019 | 2564A or Equivalent Received by EEO Office |
| 06/30/2019 | EEO Contact Start |

*TO ADDED AFTER OFO Appealed DATED 07/10/2020*
*EAD REC'D ON 06/23/2020*

Privacy Policy  |  Contact Administrator



# EEO efile

Your Session Will Expire in 30 minute(s)

- Submissions
- My Account
- Resources
- Logout

# Existing Complaint Status

## Case Number   4G-320-0078-21

Filed Date:
    12/28/2020
Subject:
    Submitted from efile Converted EEO Contact Case PRE-004624-2021 to Informal.
Claim(s):

Claims:

| Claim Category | Incident Date | Basis/Bases | Status | Comments |
|---|---|---|---|---|
| Reasonable Accommodation Disability | 12/21/2020 | General: Disability - Mental, Age Race: Black, Not of Hispanic Origin Sex: Female | | Around 12/07/2020, I became aware that my OWCP claim was approved by ECAB. On 12/21/2020, I called Linda Bedrosian to inform her of the approval. Around 12/22/2020, I also emailed Ms. Bedrosian, Claudette Ballard, and Sylvia Morris and attached proof that ECAB approved my claim. I have also attached proof with this filing. Ms. Bedrosian emailed me and Ms. Ballard was cc"d on the email. Ms. Bedrosian requested for me to send a letter proving that my OWCP claim was approved. Earlier this year, I reminded Ms. Bedrosian that she had received proof that my claim was denied; therefore, DOL would notify Injury Comp of all actions. In July 2019, Ms. Bedrosian sent me a letter as well as a copy of OWCP"s denial. I appealed the denial around July 2019 and again, DOL sent notification to Injury Comp, 1100 Kings Rd. Jacksonville, FL. Injury Comp had been notigied about all actions concerning my claim; therefore, I believe Injury Comp has been notified about the approval. I am filing a this EEO Complaint against Sylvia Morris as Manager, Human Resources and Claudette Ballard, HRM because the approval would be sent to one of them. Postmaster Daniel Tyson is included because as my immediate supervisor, I have requested several times (please see EEO complaint 4G-320-0028-21) to change all leave and/or work hours to leave without pay. All of the listed RMO are violating the Rehabilitation Avct and/or the Americans w/Disability Act and FECA by delaying benefits to which I am entitled. |

Complaint Status:
    Notice of Right to File.
Counselor:
    No counselor is currently assigned to this case.
Case Manager:

Duarte, MDR, Nancy

Events:

Complaint Events:

| Date | Event Description |
|------|-------------------|
| 01/26/2021 | Notice of Right to File |
| 01/05/2021 | Mediation - Not appropriate for mediation |
| 01/05/2021 | Extension Not Applicable (For Inappropriate cases) |
| 01/04/2021 | Initial Interview with Counselee (Put a check ) |
| 01/04/2021 | CMS Counselor Assignment |
| 12/28/2020 | Initial Contact |
| 12/28/2020 | EEO Contact Closure |
| 12/28/2020 | 2564A or Equivalent Received by EEO Office |
| 12/28/2020 | EEO Contact Start |

Privacy Policy | Contact Administrator





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Linda Chase a/k/a
Stella B.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Southern Area),
Agency.

Appeal No. 2020004450

Hearing No. 420-2020-00085X

Agency No. 4G-320-0118-19

## DECISION

On July 24, 2020, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), *from the* Agency's June 9, 2020, final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as an EAS-20 Manager, Customer Services at the Agency's Panama City Post Office in Panama City, Florida.

Complainant stated that she has been diagnosed with generalized anxiety disorder and major depression. Report of Investigation (ROI) at 461.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Complainant alleged that she began taking Family and Medical Leave Act (FMLA) leave on December 26, 2018, because events in the workplace from December 12-24, 2018, aggravated these conditions. ROI at 462. Complainant subsequently filed a workers' compensation claim. Id.

On May 3, 2019, Complainant filed an EEO complaint alleging that the Agency discriminated against her on the bases of race (African-American), sex (female), color (Black), disability (mental), age (born in November 1958), and reprisal for prior protected EEO activity when:

1. On dates including December 12-14, 2018, and December 17-19, 2018, March 11, 2019, and April 7-15, 2019, management has:
   a. Attempted to ridicule and/or humiliate Complainant;
   b. Attempted to set Complainant up; and
   c. Accused Complainant of delaying mail;
2. On or about December 19, 2018, Complainant was asked when she could retire;
3. On February 28, 2019, Complainant received instructions not to contact any employees at the Panama City Post Office;
4. On a date to be specified, all of Complainant's Agency access was revoked;
5. On March 15, 2019, Complainant received correspondence stating that it was inappropriate for her to contact the Area Vice President and the District Manager;
6. On May 1, 2019, Complainant became aware that her manager discussed her medical condition with Office of Inspector General (OIG) Agents;
7. On unspecified dates in 2017, OIG Agents came to Complainant's residence to speak with her;
8. On or about February 23-24, 2019, Complainant's request for a copy of an OIG Report of Incident was denied, and her subsequent Freedom of Information Act (FOIA) request for the OIG Report of Incident, case #2019-FPFD-00207, was denied; and
9. On or about February 26, 2019, Complainant became aware that management submitted a poor copy of the CA-2, Notice of Occupational Disease and Claim for Compensation form, to the Department of Labor, Office of Workers' Compensation Programs (OWCP), and, on an unspecified date, she became aware that management controverted her OWCP claim for compensation.

The Agency dismissed claims (7), (8), and (9) pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim as collateral attacks on the Agency's OIG, on OIG's handling of the FOIA claim, and on OWCP proceedings. The Agency also dismissed claim (7) pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact. Complainant timely objected to the dismissal of these claims. At the conclusion of the investigation into the accepted claims, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ). Complainant timely requested a hearing.

The AJ assigned to the case affirmed the dismissal of claims (7) and (8) and reversed in part the dismissal of claim (9). The AJ found that, to the extent Complainant alleged that the Agency discriminated against her by submitting an illegible copy of her OWCP claim, delaying payment of money owed to Complainant in violation of the Rehabilitation Act, claim (9) stated a claim, was not a matter strictly within the jurisdiction of OWCP and did not constitute a collateral attack on the OWCP process.

Complainant subsequently withdrew her hearing request, and the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b). The decision concluded that Complainant failed to prove that the Agency subjected her to discrimination as alleged. The Agency's final decision found that Complainant was an individual with a disability because she had generalized anxiety disorder and severe major depression. The Agency found that the preponderance of the evidence did not establish that management attempted to ridicule, humiliate, or set up Complainant as alleged.

Concerning Complainant's allegation that she was accused of delaying mail, the Agency found that no one accused Complainant of delaying mail and that the Postmaster asked general questions about delayed mail in December 2018, because the facility was recovering from Hurricane Michael. Moreover, the Agency noted that Complainant came forward in February 2019, informing the Postmaster that she had ordered the same mail to be discarded as undeliverable bulk business mail (UBBM) and referencing her medical condition as an explanation for her actions. The Agency also determined that Complainant did not establish that she was asked when she could retire so she could take the fall for the undelivered mail as alleged.

In relation to the alleged disclosure of Complainant's medical condition, the Agency noted that, before she decided to retire, Complainant had asked the Postmaster to set up a meeting with "Postal Inspectors" so she could explain her actions. On February 25, 2019, the Postmaster sent an email to two OIG Special Agents, explaining his interactions with Complainant concerning the delayed mail and her absence from the workplace since December 24, 2018, and asking what, if anything he needed to do. One of the Special Agents responded that, because the Postmaster did not have any direct knowledge or other evidence of mail that was delayed or discarded by Complainant, the OIG would not interview her. Although the Postmaster generally referenced that Complainant had a medical condition, the Agency found that this did not constitute a violation of the Rehabilitation Act.

Regarding Complainant being instructed not to contact Panama City Post Office employees and Agency officials and her Agency access being revoked, the Agency noted that Complainant's OWCP claim indicated that she was incapacitated from work and that work stress aggravated her medical condition, and, because she also announced that she would be retiring, she had no need to access Agency systems or facilities.

The instant appeal followed.

4                                                                                    2020004450

On appeal, Complainant contends that the Agency intentionally submitted an illegible copy of documents to OWCP to delay the processing of her claim. Complainant also alleges that the Postmaster unlawfully disclosed her confidential medical information to OIG Agents. Complainant requests that the Commission find that she was subjected to discrimination.[2]

In response to Complainant's appeal, the Agency contends that its final decision correctly concluded that Complainant did not establish that she was subjected to discrimination.

## ANALYSIS AND FINDINGS

As this is an appeal from a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b), the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a). See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chapter 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

As a preliminary matter, the Commission has held that an employee cannot use the EEO complaint process to lodge a collateral attack on another proceeding. See Wills v. Dep't of Def., EEOC Request No. 05970596 (July 30, 1998); Kleinman v. U.S. Postal Serv., EEOC Request No. 05940585 (Sept. 22, 1994); Lingad v. U.S. Postal Serv., EEOC Request No. 05930106 (June 25, 1993). A claim that can be characterized as a collateral attack, by definition, involves a challenge to another forum's proceeding, such as the grievance process, the workers' compensation process, an internal agency investigation, and state or federal litigation. See Fisher v. Dep't of Def., EEOC Request No. 05931059 (July 15, 1994). We find that the Agency properly dismissed claims (7) and (8) and that the AJ properly found that claim (9) only states a claim regarding the Agency's allegedly discriminatory submission of illegible OWCP forms. Furthermore, although the Agency's final decision did not address claim (9) on the merits, we find that the record is sufficiently developed to address this claim on appeal.

---

[2] On appeal, Complainant also provides additional evidence, including documentation of the processing of her OWCP claim in 2020 and 2021, and a favorable decision from the Social Security Administration regarding her claim for disability benefits. Complainant contends that these documents show that she was subjected to discrimination based on disability and that the evidence was not available during the investigation of the instant complaint. As a general rule, no new evidence will be considered on appeal absent an affirmative showing that the evidence was not reasonably available prior to or during the investigation or during the hearing process. See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Ch. 9, § VI.A.3 (Aug. 5, 2015). Upon review, the provided documentation regarding the processing of her OWCP and disability claims is not relevant to our analysis of her EEO complaint.

To prevail in a disparate treatment claim, Complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). She must generally establish a prima facie case by demonstrating that she was subjected to an adverse employment action under circumstances that would support an inference of discrimination. Furnco Constr. Co. v. Waters, 438 U.S. 567, 576 (1978). The prima facie inquiry may be dispensed with in this case, however, since the Agency has articulated legitimate and nondiscriminatory reasons for its conduct. See U.S. Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 713-17 (1983); Holley v. Dep't of Veterans Affs., EEOC Request No. 05950842 (Nov. 13, 1997). To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is a pretext for discrimination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 519 (1993); Tex. Dep't of Cmty. Affs. v. Burdine, 450 U.S. 248, 256 (1981); Holley, supra; Pavelka v. Dep't of the Navy, EEOC Request No. 05950351 (Dec. 14, 1995).

To establish a claim of harassment a complainant must show that: (1) she belongs to a statutorily protected class; (2) she was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on the statutorily protected class; (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment; and (5) there is a basis for imputing liability to the employer. See Henson v. City of Dundee, 682 F.2d 897 (11th Cir. 1982). Further, the incidents must have been "sufficiently severe or pervasive to alter the conditions of [complainant's] employment and create an abusive working environment." Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). The harasser's conduct should be evaluated from the objective viewpoint of a reasonable person in the victim's circumstances. Enforcement Guidance on Harris v. Forklift Systems Inc., EEOC Notice No. 915.002 at 6 (Mar. 8, 1994).

Reprisal claims are considered with a broad view of coverage. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-68 (2006); see also, Carroll v. Dep't of the Army, EEOC Request No. 05970939 (Apr. 4, 2000). Retaliatory actions which can be challenged are not restricted to those which affect a term or condition of employment. Id. Rather, a complainant is protected from any discrimination that is reasonably likely to deter protected activity. Id.; see also, Carroll, supra.

The Agency's legitimate, nondiscriminatory explanation for instructing Complainant not to contact Panama City Post Office employees or other Agency officials including the District Manager and the Area Vice President and for revoking her Agency access was that, because Complainant indicated that she was incapacitated from working and subsequently stated that she would be retiring; she did not need to contact employees for work-related purposes and did not need access to Agency systems or facilities. Although the Postmaster did contact Complainant about transferring the stamp stock, this was a one-time request, and we find that Complainant has not established by preponderant evidence that the Agency's proffered legitimate, nondiscriminatory reason is pretextual.

The preponderance of the evidence does not establish that management attempted to ridicule or humiliate Complainant, attempted to "set up" Complainant, or accused her of delaying mail. Although the record reflects that the Postmaster asked Complainant general questions about delayed mail, the preponderance of the evidence in the record reflects that the Postmaster asked these questions because he was gathering information about the hurricane recovery and not because of Complainant's membership in any protected class. A Manager stated that she asked Complainant when she would be able to retire, but she explained that this was in the context of a casual conversation about hectic operations had been since Hurricane Michael. The preponderance of the evidence in the record does not establish that any other managers asked Complainant when she would be eligible to retire or that Complainant was blamed for any delayed mail because she would be able to retire. Regarding the illegible copy of the CA-2 form submitted to OWCP, we find that there is no evident connection between the submission of the copy and Complainant's membership in any protected class. Accordingly, Complainant has not established that she was subjected to discriminatory harassment.

Complainant also alleged that the Postmaster improperly disclosed her medical condition with OIG Agents. 29 C.F.R. § 1630.14(c)(1) provides, in pertinent part, that: "Information obtained . . . regarding the medical condition or history of any employee shall . . . be treated as a confidential medical record." By its terms, this requirement applies to confidential medical information obtained from "any employee," and is not limited to individuals with disabilities. See Hampton v. U.S. Postal Serv., EEOC Appeal No. 01A00132 (April 13, 2000). However, the Commission has found that an email that referenced a complainant's physical therapy appointments but did not contain details about the complainant's diagnosis or symptoms did not constitute an improper medical disclosure. See Darlene F. v. Dep't of Veterans Affs., EEOC Appeal No. 2020004268 (Dec. 22, 2021). Here, the Postmaster's February 25, 2019, email to the OIG Special Agents stated that Complainant was out of work on FMLA leave and that she had indicated that a medical condition explained why she had discarded mail in the UBBM, but the Postmaster did not disclose any details regarding Complainant's medical condition or medical history. See ROI at 742. Accordingly, we do not find that Complainant has established by preponderant evidence that the Agency improperly disclosed her medical information.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's final decision finding no discrimination.

### STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

5:22 CV 00102 TKW-MJF   EXHIBIT 4, 3 page
OFO Appeal #2020004458
Agency #
4G-320-
0118-19

## NOTICE OF APPEAL/PETITION - COMPLAINANT
### TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

**Complainant Information: (Please Print or Type)**

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | electronic filing |
| Home/mailing address: | Chase, Linda C. |
| City, State, ZIP Code: | 3940 Arbor Trace Drive, Unit R |
| Daytime Telephone # (with area code): | Lynn Haven, FL 32444-6521 |
| E-mail address (if any): | 219-201-6722 |
| | chase-lindac@sbcglobal.net |

**Attorney/Representative Information (if any):**

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | Rebecca L. Fisher |
| Address: | |
| City, State, ZIP Code: | P.O. Box 781369 |
| Telephone number (if applicable): | San Antonio, Texas 78278 |
| E-mail address (if any): | 210-988-2177 |
| | rebeccafisherknw@gmail.com |

**General Information:**

| | |
|---|---|
| Name of the agency being charged with discrimination: | United States Postal Service |
| Identify the Agency's complaint number: | 4G-320-0118-17 |
| Location of the duty station or local facility in which the complaint arose: | Panama City Florida |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ✓ Yes; Date Received 06-23-2020 (remember to attach a copy) ___ No _____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ✓ No ___ Yes (indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ✓ No ___ Yes (Attach a copy of the civil action filed) |

**NOTICE:** Please attach a copy of the final decision or order from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the Commission Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency within 30 days of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the Commission at the address above.

Please specify any reasonable accommodations you will require to participate in the appeal process:

| | |
|---|---|
| Signature of complainant or complainant's representative: | Rebecca L. Fisher |
| Date: | 07-10-2020 |

FILED USDC FLND PN
NOV 31 '22 PM 1:14    JFJ

5:22 CV 00102 -TKW-
MJF

From:      Rebecca Fisher <rebeccafisherlaw@gmail.com>
Sent:      Friday, July 24, 2020 6:12 PM
To:  OFO DECISIONS
Subject:  Re: EEOC Appeal No. 2020004176
Attachments:  Chase Notice of Appeal + FAD.pdf

Ms. Callwood, thank you so much for your follow up. I am attaching the Notice of Appeal that was filed
with the FAD.  Thank you again.
Rebecca L. Fisher
Attorney for Linda Chase

On Fri, Jul 24, 2020 at 6:23 AM OFO DECISIONS <OFO-DECISIONS@eeoc.gov> wrote:
Good morning Ms. Fisher,

Thank you for your expeditious response, in light of this, the appeal for 2020004176 will be closed.

However, is the intention of your client to file an appeal regarding the referenced FAD?  If so, please
forward the appeal form/request to this email for processing. Once the new EEOC Appeal No. has been
assigned the instructions to register and access the appeal  through the Public Portal will be sent under
a separate cover.

Thank you,


████████████
Equal Opportunity Specialist
Office of Federal Operations
U.S. Equal Employment Opportunity Commission



From: Rebecca Fisher <rebeccafisherlaw@gmail.com>
Sent: Thursday, July 23, 2020 5:35 PM
To: OFO DECISIONS <OFO-DECISIONS@EEOC.GOV>
Subject: Re: EEOC Appeal No. 2020004176

This Appeal is for Linda Chase. I am unclear why the name of Delcia Turks name has come up. I do not
know a Delcia Turks. To be clear, this appeal is for Linda Chase and the FAD in your email is correct in
this case.
Thank you so much for your contact on this matter. If you have any further questions or concerns
please let me know.
Rebecca L. Fisher
Attorney for Appellant Linda Chase

On Thu, Jul 23, 2020 at 7:01 AM OFO DECISIONS <OFO-DECISIONS@eeoc.gov> wrote:
Good morning,

Our offices is in receipt of a Public Portal Appeal submission for Ms. Linda Chase v. USPS
regarding  Agency# 4G-320-0118-19. This submission has been assigned EEOC Appeal No.
2020004176.

However, the submission has listed (Delcia Turks) as the complainant not Linda Chase for whom the

Final Agency Decision is referring to, see the attached.   Please advise as to whether or not Ms. Turks
intent in creating this portal account  and appealing this FAD is for the purpose of representing  for
Ms. Chase or otherwise.

Thank you,

*5:22 CV 00102 TKW MJF*

████████████

Equal Opportunity Specialist
Office of Federal Operations
U.S. Equal Employment Opportunity Commission