# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

**LINDA CHASE,**

      **Plaintiff,**

**vs.**                         **Case No. 5:22cv102-TKW-MAF**

**LOUIS DEJOY,**
**MERRICK B. GARLAND,**
**and JASON R. COODY,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a third amended complaint, ECF No. 17, on August 5, 2022. Because Plaintiff paid the filing fee for this case, *see* ECF No. 3, United States Magistrate Judge Michael J. Frank entered an Order, ECF No. 19, on August 8, 2022, directing service of process. Plaintiff was informed of the requirements of Rule 4 which governs service of process. *Id.* In particular, Plaintiff was advised that service must be completed by a non-party of at least 18 years of age, within 90 days, and that Plaintiff is ultimately responsible for service. ECF No. 19 at 1.

After Plaintiff filed a notice of appeal of one of Judge Frank's Orders, United States District Judge T. Kent Wetherell entered an Order, ECF No. 24, affirming the prior Order. In doing so Judge Wetherell reminded Plaintiff that "failure to promptly effectuate service will likely result in the dismissal of this case under Fed. R. Civ. P. 4(m)." *Id.* at 2. Shortly thereafter, this case was reassigned to the undersigned, and an Order was entered on October 20, 2022, advising Plaintiff that 73 days had elapsed since entry of the service Order, ECF No. 19. ECF No. 26 at 2. Plaintiff was further advised that no later than November 14, 2022, Plaintiff must demonstrate that all Defendants were served with process by Monday, November 7, 2022. *Id.*

On November 21, 2022, Plaintiff submitted a copy of a "Non-Enforceable Return of Service" from Escambia County Sheriff's Office. ECF No. 28. That service return listed this case number and indicated a summons and third amended complaint was served on Defendant Jason R. Coody on September 26, 2022, in Escambia County, Florida, by providing the documents to Alicia Forbes, Assistant U.S. Attorney. *Id.* An Order was entered acknowledging that submission, but reminding Plaintiff that two

other Defendants (DeJoy and Garland) must be served with process.  ECF No. 29.

Plaintiff then submitted three additional documents in late October 2022, all of which were submitted on the Court's "certificate of service" form.[1]  ECF Nos. 31-33.  The first "certificate of service" asserted that Defendant Louis DeJoy, the United States Postmaster General, was provided a copy of the third amended complaint and a summons via certified mail on October 1, 2022, by sending it to a post office box in Tampa, Florida.  ECF No. 31.

An Order was issued which informed Plaintiff that the "document [was] insufficient to show service on Defendant DeJoy for several reasons." ECF No. 38 at 2.  First, the document did "not indisputably show Defendant DeJoy received the summons" because Plaintiff included a notation on that filing which questioned why the summons was not delivered.  *See* ECF No. 31 at 3.  Second, Plaintiff's submission indicated that the certified mail was sent to Defendant DeJoy at a Post Office Box in Tampa, Florida.  ECF No. 31 at 1.  Judicial notice is taken that the mailing address for Postmaster

---

[1] That form is provided to pro se litigants so they can demonstrate that a document filed in court was also served on opposing counsel or the opposing party.  It is not a form that is used to show service of process.

General Louis DeJoy is in Washington, D.C., and, thus, Plaintiff was informed that it did "not appear that service was properly carried out on Defendant DeJoy either."  ECF No. 38 at 2.

Another problem arose with Plaintiff's second submission of a "certificate of service" which purported to show that Defendant Merrick B. Garland was served with process.  ECF No. 32.  Again, that document did not indisputably show service was properly carried out.  Plaintiff's submission indicates Defendant Garland's service documents were mailed on September 26, 2022, from Panama City, Florida, and again on September 28, 2022, from Eufala, Alabama.  *Id.* at 5.  Plaintiff said the third amended complaint was mailed along with the summons to Defendant Garland at 950 Pennsylvania Ave, NW, in Washington, D.C.  *Id.* at 1.  She submitted one "delivery signature" page which purports to show the mail was received by Eddie L. Anderson on October 3, 2022, *id.* at 3, but then provided another page which shows the mailed was received by that individual on October 5, 2022.  *Id.* at 4.  Without more, it is unclear that service was properly carried out on Defendant Garland because the identity of Eddie L. Anderson is unknown.

Plaintiff then submitted a third "certificate of service" which shows that certified mail was sent to the Clerk of Court, to the attention of Taylor McGill, in Pensacola, Florida.  ECF No. 33.  That document suggests that "proof of service" was sent to Taylor McGill as "proof that the defendants were served via certified mail."  ECF No. 33 at 1.  Again, that document does not do what Plaintiff intended.  Directing mailing envelopes to a Clerk's Office employee is insufficient to show that Defendants were properly served with process without the submission of proper service returns.

In November 2022, Plaintiff then submitted two more documents entitled "summons affidavit."  ECF Nos. 34-35.  The first is an affidavit by the Plaintiff which states that she certifies that a copy of the summons and third amended complaint were furnished by certified mail to Defendant Louis DeJoy at a post office box in Tampa, Florida on September 26, 2022.  ECF No. 34.  In the second affidavit, Plaintiff certifies that a copy of the summons and third amended complaint were furnished by certified mail to Defendant Merrick B. Garland at 950 Pennsylvania Ave. NW, Washington, DC 20530 on September 26, 2022.  ECF No. 35.  Those affidavits simply duplicate what Plaintiff already submitted.

Case No. 5:22cv102-TKW-MAF

Notwithstanding those service issues, Defendants Garland and Coody filed a motion to dismiss, ECF No. 39, on December 2, 2022. On December 5, 2022, Defendants Garland and Coody filed an amended motion to dismiss, ECF No. 40. An Order was entered, ECF No. 42, denying the first motion as moot and directing Plaintiff to file a response to the amended motion by January 6, 2023. A few days later, Plaintiff filed a document entitled, "109(g) Motion Summary Judgment." ECF No. 43. That document was reviewed,[2] but was not responsive to the amended motion to dismiss filed by Defendants Garland and Coody. Another Order was entered, ECF No. 44, denying Plaintiff's "109(g) motion" and reiterating that Plaintiff must still file a response to the amended motion to dismiss as previously directed. Further, Plaintiff was specifically advised that her "109(g) motion" was also not responsive to the requirement that Plaintiff must demonstrate proper service on Defendant DeJoy. ECF No. 44. As of this date, nothing further has been received from Plaintiff.

---

[2] The Court assumed that Plaintiff's reference to "109(g)" was to 29 C.F.R. 1614.109(g) which permits the filing of summary judgment statement in an administrative proceeding. ECF No. 43 at 1. However, Plaintiff was informed that this is a court of law and not an administrative forum. ECF No. 44. Plaintiff was also advised that to be properly filed in federal court, a summary judgment motion must comply with Federal Rule of Civil Procedure 56, and her motion did not. *Id.*

**Plaintiff's Third Amended Complaint, ECF No. 17**

Plaintiff's complaint was filed on this Court's Employment

Discrimination Complaint form.  ECF No. 17.  Plaintiff named three

Defendants: Louis DeJoy, the United States Post Master General, Merrick

B. Garland, the United States Attorney General, and Jason R. Coody, the

United States Attorney for the Northern District of Florida.  *Id.*  Plaintiff

asserts that she brings this action pursuant to Title VII of the Civil Rights

Act of 1964, the Age Discrimination in Employment Act of 1967, the

Americans with Disabilities Act of 1990, and the Rehabilitation Act of 1973.

*Id.* at 4-6.  Plaintiff alleged that she was the "only female African-American

manager in the Panama City installation during Hurricane Michael," which

was October of 2018.  *Id.* at 6.  She alleges that mail was delayed or

discarded, but contends she was not responsible for the Panama City

Installation.  *Id.* at 7.  She said that she reported the Panama City

Postmaster's[3] inappropriate behavior, "but no investigation was

conducted."  *Id.*

_____

[3] To clarify, a postmaster is the head of an individual post office.  The post master general is the head (chief executive officer) of the United States Postal Service [USPS], a federal agency.

She further contends that mail was delayed in November of 2018, while she "was on scheduled vacation."  ECF No. 17 at 7.  The following month, she was asked when she could retire and asserts that the question was inappropriate.  *Id.*

Plaintiff then describes a series of issues concerning her filing a claim and not receiving copies.  ECF No. 17 at 7.  That information is irrelevant and does not involve any named Defendant.  Likewise, her request for "access to all delayed/discarded mail for all zip codes for the Panama City Installation" and related events such as submitting a Freedom of Information request is unexplained and unconnected to any named Defendant.  ECF No. 17 at 8.   She concludes by making a conclusory assertion of "retaliation in 2016 or 2017."  *Id.*  She said that she filed "an EEO against Postmaster Daniel Tyson" and believes that "Postmaster Tyson's conduct is retalitory [sic]."  *Id.*

Plaintiff checked boxes on the complaint form to assert that the discriminatory conduct included a failure to accommodate disability, unequal terms and conditions of employment, and retaliation.  *Id.* at 9.  Plaintiff states that she was employed by the Defendant from March 13, 1999 through March 31, 2022.  *Id.*

**Motion to Dismiss, ECF No. 40**

Defendants Garland and Coody seek the dismissal of this case because they were not Plaintiff's employer. *Id.* at 2. Defendants point out that they do not work for the United States Post Office. *Id.*

**Analysis**

The Postmaster General of the United States Postal Service is Defendant Louis DeJoy. Judicial notice may be taken that the address for the Postmaster General is 475 L'Enfant Plaza, S.W., Washington, D.C. 20260. That information is readily accessible from the United States Postal Service's website. Any citizen or consumer could obtain that information. One would expect a former twenty-plus year employee of the United States Postal Service to be aware of the headquarter's address for that agency. The Postmaster General is not located in Tampa, Florida.

Rule 4(i) provides that to "serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). Plaintiff did not

send the summons and complaint to the Postmaster General because he is not located at a post office box in Tampa, Florida.

Rule 4(m) states that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In this case, it is recommended that the complaint be dismissed without prejudice. Plaintiff was given sufficient warning of her obligation to serve the Defendant with process and has, ultimately, abandoned this case by not filing a response to the amended motion to dismiss.

The amended motion to dismiss filed by Defendants Garland and Coody should be granted. As noted in the motion, ECF No. 40 at 2, neither of these Defendants were Plaintiff's employer. Neither Defendant is alleged to have had any interaction or involvement with the Plaintiff. Plaintiff provided no factual allegations against either Defendant Garland or Coody. It is likely that Plaintiff mistakenly believed they needed to be named as Defendants because those federal officers must be served with process when a federal employee is sued in an individual capacity. *See*

Fed. R. Civ. P. 4(i)(3).  For all these reasons, the amended motion to dismiss should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the amended motion to dismiss filed by Defendants Coody and Garland, ECF No. 40, be **GRANTED**, and that Plaintiff's third amended complaint, ECF No. 17, be **DISMISSED** without prejudice as to Defendant DeJoy for failure to serve the Defendant as required by Federal Rule of Civil Procedure 4(m).

**IN CHAMBERS** at Tallahassee, Florida, on March 10, 2023.


  S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic**

**docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**